UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
YEARIDIN GORDON,

                                Plaintiff,

             - against -

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, THE 71ST PRECINCT OF THE
NEW YORK CITY POLICE DEPARTMENT, NEW YORK
CITY POLICE OFFICER KEVIN HANIFF, SHIELD #1871,
Individually and in his official capacity as a New York City
Police Officer, NEW YORK CITY POLICE OFFICER
JAQUELINE HODER, SHIELD #24348, Individually and in
her official capacity as a New York City Police Officer,
"JOHN DOES" and "JANE DOES", names being fictitious
intended to be New York City Police Department Officers,
Detectives, Sergeants, Captains, Lieutenants, Supervisors
and/or Officers, Employees and/or Agents of New York City
Central Booking,

                              Defendants.
-------------------------------------------------------------------------X

Docket No.: 15CV4422 (RER)

**AMENDED
COMPLAINT AND
JURY DEMAND**

     Plaintiff, YEARIDIN GORDON, by and through his attorneys, DRUMMOND &

SQUILLACE, PLLC state, upon information and belief, as follows:

## INTRODUCTION

     1.    This is an action seeking compensation and damages pursuant to 42 U.S.C. §§

1983, 1986, 1988, the Eighth and Fourteenth Amendments to the U.S. Constitution, as well as

for claims including, but not limited to: use of excessive force, cruel and unusual punishment,

unlawful seizure of Plaintiff's person, violation of due process, false arrest, assault, battery, false

imprisonment, intentional infliction of emotional distress, negligent infliction of emotional

distress, negligent hiring, failure to intercede, neglect to act, negligent retention, negligent

supervision, violation of civil rights, harassment, abuse of authority, deviation and/or gross

deviation from proper procedures, malice, recklessness, carelessness, gross negligence, official

misconduct, *respondeat superior* and punitive damages sustained by Plaintiff YEARIDIN

GORDON, as a direct and proximate result of the unconstitutional, tortuous, negligent, reckless, wanton, intentional, deliberate, deliberate indifferent, reckless disregard and/or malicious acts, conduct and/or omissions of the Defendants herein, in their unlawful use of excessive force, assault, battery, false imprisonment, cruel and unusual punishment, unlawful seizure of Plaintiff's person and infliction of emotional distress (both intentional and negligent) against Plaintiff YEARIDIN GORDON herein. This action also seeks to recover punitive damages against the Defendants herein.

      2.      On or about July 31, 2014, and continuing to on or about August 1, 2014, Plaintiff YEARIDIN GORDON was lawfully on/at/in front of his premises located at 105 Winthrop Street, Brooklyn, New York, 11225, when Defendant NEW YORK CITY POLICE DEPARTMENT OFFICER KEVIN HANIFF, Shield No. 1871, intended to be the male police officer of the 71st Precinct that arrested, assaulted, battered, used excessive force against, falsely arrested and falsely imprisoned Plaintiff on or about July 31, 2014 to on or about August 1, 2014, Individually and in his official capacity as a New York City Police Officer, and, Defendant NEW YORK CITY POLICE DEPARTMENT OFFICER JAQUELINE HODER, Shield # 24348, intended to be the female police officer of the 71st Precinct that arrested, assaulted, battered, used excessive force against, falsely arrested and falsely imprisoned Plaintiff on or about July 31, 2014 to on or about August 1, 2014, Individually and in her official capacity as a New York City Police Officer and "JOHN DOES" and "JANE DOES" of the NEW YORK CITY POLICE DEPARTMENT, and in particular the 71ST PRECINCT, names being fictitious intended to be New York City Police Department Officers, Detectives, Sergeants, Captains, Lieutenants, Supervisors and/or Officers, Employees and/or Agents of New York City Central Booking, individually and in their official capacities as New York City Police Officers, Detectives, Sergeants, Captains, Lieutenants, Supervisors and/or Officers, Employees and/or Agents of New York City Central Booking, without probable cause, unlawfully and forcibly stopped, arrested, detained, falsely imprisoned, booked, processed

and/or charged Plaintiff with criminal charges and further, without cause or justification, hit, beat, struck, battered, assaulted, unlawfully seized, used unlawful excessive force against Plaintiff, and subjected Plaintiff to cruel and unusual punishment, thereby causing Plaintiff to be injured and to suffer from physical, emotional and personal injuries including, but not limited to: bruising, swelling, contusions, pain to his ribs, broken/fractured left thumb, fractured base of the left first metacarpal, broken/fractured/bruised/contusion of his right elbow, fractured ulnar of right elbow, laceration, pain to his right hand fingers, twisting back of his hands/arms, rib trauma, pain/trauma to his wrists, contusion, neurovascular injury, sprain, tendon injury, right elbow joint effusion, body trauma, cast placed on/for fractured left thumb, cast/splint placed on fractured right elbow, emotional distress, pain, anguish, mental anguish, pain and suffering, false imprisonment, false arrest and related injuries/damages. Defendants further falsely imprisoned and falsely arrested Plaintiff without just/probable cause causing Plaintiff to be labeled a criminal defendant and to be prosecuted by the Kings County Attorney's Office.

3.     As a direct and proximate result therefrom, Plaintiff was caused to be hit, struck, assaulted, battered, falsely arrested, falsely imprisoned and further injured and caused to sustain damages by the deliberate, malicious, intentional, negligent, reckless, careless, wanton and/or unlawful conduct/actions of Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, THE 71ST PRECINCT OF THE NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE DEPARTMENT OFFICER KEVIN HANIFF, Shield #1871, Individually and in his official capacity as a New York City Police Officer, NEW YORK CITY POLICE DEPARTMENT OFFICER JAQUELINE HODER, Shield #24348, Individually and in her official capacity as a New York City Police Officer, "JOHN DOES" and "JANE DOES", names being fictitious intended to be New York City Police Department Officers, Detectives, Sergeants, Captains, Lieutenants, Supervisors and/or Officers, Employees and/or Agents of New York City Central Booking, individually and in their official capacities as New York City Police Department Officers, Detectives, Sergeants, Captains, Lieutenants,

Supervisors and/or Officers, Employees and/or Agents of New York City Central Booking and their agents, servants, employees, licensees, contractors, subcontractors, employees and other affiliates agencies and departments in that they intentionally, maliciously, recklessly, with deliberate indifference to and reckless disregard for Plaintiff's life, safety, health, physical safety, physical health and well being, and, each acting in concert with the other and each acting under the color of law, forcibly restrained, forcibly detained, falsely imprisoned and falsely arrested Plaintiff while they hit, struck, twisted his arms, hands and wrists, hit/struck/assaulted his ribs, beat, assaulted and battered Plaintiff while Plaintiff was already restrained by said Defendants, causing him to suffer severe physical injuries including, but not limited to: bruising, swelling, contusions, pain to his ribs, broken/fractured left thumb, fractured base of the left first metacarpal, broken/fractured/bruised/contusion of his right elbow, fractured ulnar of right elbow, laceration, pain to his right hand fingers, twisting back of his hands/arms, rib trauma, pain/trauma to his wrists, contusion, neurovascular injury, sprain, tendon injury, right elbow joint effusion, body trauma, cast placed on/for fractured left thumb, cast/splint placed on fractured right elbow, emotional distress, pain, anguish, mental anguish, pain and suffering, false imprisonment, false arrest and related injuries/damages.

4.      Defendants, with deliberate indifference to and reckless disregard for Plaintiff's life, safety, health, physical safety, physical health and well being, further unlawfully denied Plaintiff the needed/required medical care/treatment for the injuries he sustained as a result of the Defendants' intentional, wanton, malicious and reckless assault/battery/attack/use of excessive force against him and further falsely imprisoned, falsely arrested, booked, processed and charged Plaintiff with criminal charges without just/probable cause causing Plaintiff to be labeled a criminal defendant and to be prosecuted by the Kings County District Attorney's Office. That, as a result of the Defendants' unlawful actions, Plaintiff was caused to be injured for which Plaintiff required medical care/treatment and continues to require same. The aforementioned Defendants, and in particular Defendants KEVIN HANIFF, Shield #1871,

4

JAQUELINE HODER, Shield # 24348, and "John Does" and "Jane Does", were further intentionally malicious, reckless, deliberate and wanton by intentionally making and/or causing to be made to the New York City Police Department and Kings County District Attorney's Office, false, untrue, incorrect, inaccurate, slanderous, libelous and/or defamatory statements/accusations/allegations against Plaintiff including, but not limited to the false/defamatory/slanderous and/or libelous statements/allegations that Plaintiff violated an Order of Protection held by his wife, which caused Plaintiff to be arrested, booked, processed, arraigned and labeled a criminal court defendant and to be prosecuted by the Kings County District Attorney's Office when said Defendants knew that their statements/accusations/allegations against Plaintiff were false and/or that they did not have probable cause to arrest him.

5.    That Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT and THE 71ST PRECINCT OF THE NEW YORK CITY POLICE DEPARTMENT are liable for the foregoing actions/conduct of Defendants KEVIN HANIFF, Shield # 1871, JAQUELINE HODER, Shield #24348 and "John Does" and "Jane Does" under *respondeat superior.* The Defendants were further negligent by failing to stop, prevent, act and/or intercede on behalf of Plaintiff when Defendants knew of the unlawful acts of each other and the unlawful excessive force/assault/battery committed against Plaintiff while Plaintiff was already restrained by Defendants. Defendants are further and/or intentionally liable for failing and/or refusing to provide Plaintiff with medical care, proper medical care and/or timely medical care and are further negligent by inadequately hiring, retaining, supervising, controlling, managing, disciplining and/or training their employees/agents, specifically NEW YORK CITY POLICE DEPARTMENT OFFICERS KEVIN HANIFF, Shield#1871, JAQUELINE HODER, Shield#24348, and "JOHN DOES" and "JANE DOES", individually and in their official capacities as New York City Police Department Officers, each acting in concert with the other and each acting under the color of law. Defendants THE CITY OF NEW YORK, THE NEW

5

YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE DEPARTMENT
OFFICER KEVIN HANIFF, Shield#1871, Individually and in his official capacity as a New
York City Police Department Officer, NEW YORK CITY POLICE OFFICER JAQUELINE
HODER, Shield#24348, Individually and in her official capacity as a New York City Police
Officer, THE 71ST PRECINCT OF THE NEW YORK CITY POLICE DEPARTMENT and
"JOHN DOES" and "JANE DOES", names being fictitious intended to be New York City
Police Department Officers, Detectives, Sergeants, Captains, Lieutenants, Supervisors and/or
Officers, Employees and/or Agents of New York City Central Booking, individually and in their
official capacities as New York City Police Department Officers, Detectives, Sergeants,
Captains, Lieutenants, Supervisors and/or Officers, Employees and/or Agents of New York City
Central Booking, are further negligent in failing to prevent, intercede and/or stop the
aforementioned New York City Police Department Officers from causing Plaintiff to be struck,
hit, beaten, assaulted, battered, forcibly restrained, forcibly detained, falsely imprisoned and
falsely arrested, and in further failing to prevent, intercede and/or stop said Officers from
causing Plaintiff to suffer and sustain damages and injuries including, but not limited to:
bruising, swelling, contusions, pain to his rib, broken/fractured/bruised/contusion of his right
elbow, fractured ulnar of right elbow, laceration, pain to his right hand fingers, twisting back of
his hands/arms, rib trauma, pain/trauma to his wrists, contusion, neurovascular injury, sprain,
tendon injury, right elbow joint effusion, body trauma, cast placed on/for fractured left thumb,
cast/splint placed on fractured right elbow, emotional distress, pain, anguish, mental anguish,
pain and suffering, false imprisonment, false arrest and related injuries/damages.

     6.    As a direct and proximate result of the unlawful actions, conduct and/or
omissions of the Defendants herein, Plaintiff YEARIDIN GORDON, sustained injuries and
damages including, but not limited to: severe pain and suffering, loss of income, loss of
earnings, physical injuries, bruising, swelling, contusions, pain to his ribs, broken/fractured left
thumb, fractured base of the left first metacarpal, broken/fractured/bruised/contusion of his right

elbow, fractured ulnar of right elbow, laceration, pain to his right hand fingers, twisting back of his hands/arms, rib trauma, pain/trauma to his wrists, contusion, neurovascular injury, sprain, tendon injury, right elbow joint effusion, body trauma, cast placed on/for fractured left thumb, cast/splint placed on fractured right elbow, emotional distress (intentional and negligent), pain, anguish, pain and suffering, false imprisonment, false arrest, deprivation of liberty, being labeled and prosecuted as a criminal Defendants and other civil rights and related injuries/damages.

## JURISDICTION AND VENUE

7.       This Court has jurisdiction over the within action pursuant to 28 U.S.C. §1343, federal question jurisdiction. This action is brought pursuant to 42 U.S.C. Sections 1983, 1986 and 1988, the Eighth and Fourteenth Amendments to the United States Constitution, and, the Constitution and the laws of the State of New York. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(1-4) and 2202. Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate pendent state law claims pursuant to 28 U.S.C. Section 1367.

8.       Venue is proper in the Eastern District of New York, pursuant to 28 U.S.C. §1391.

## THE PARTIES

9.    That on or about July 31, 2014 and continuing to on or about August 1, 2014, and at all times herein mentioned, Plaintiff YEARIDIN GORDON, an African America male, was and still is a  resident of the State of New York.

10.    That on or about July 31, 2014 and continuing to on or about August 1, 2014, and at all times herein mentioned, the Defendant THE CITY OF NEW YORK, was and is a municipal corporation existing by and under the laws of the State of New York.

11.    That on or about July 31, 2014 and continuing to on or about August 1, 2014, and at all times herein mentioned, the Defendant THE CITY OF NEW YORK, was and is a governmental subdivision of the State of New York.

7

12.     That on or about July 31, 2014 and continuing to on or about August 1, 2014, and at all times herein mentioned, Defendant THE CITY OF NEW YORK is the public employer of Defendants the NEW YORK CITY POLICE DEPARTMENT, THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT, New York City Police Officer KEVIN HANIFF, Shield#1871, New York City Police Officer JAQUELINE HODER, Shield#24348, and "John Does" and "Jane Does", names being fictitious intended to be New York City Police Officers.

13.     That on or about July 31, 2014 and continuing to on or about August 1, 2014, and at all times herein mentioned, Defendant, THE NEW YORK CITY POLICE DEPARTMENT is an agency of Defendant THE CITY OF NEW YORK, existing and operating by virtue of the laws of the State of New York and the City of New York.

14.     That on or about July 31, 2014 and continuing to on or about August 1, 2014, and at all times herein mentioned, Defendant, THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT is an agency of Defendants THE CITY OF NEW YORK AND NEW YORK CITY POLICE DEPARTMENT, existing and operating by virtue of the laws of the State of New York and the City of New York.

15.     That on or about July 31, 2014 and continuing to on or about August 1, 2014, and at all times herein mentioned, Defendant New York City Police Officers KEVIN HANIFF, Shield #1871, New York City Police Officer JAQUELINE HODER, Shield# 24348, and "John Does" and "JANE DOES", are officers, police officers, agents, licensees, servants and /or employees of Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT.

16.     That at all relevant times herein mentioned, in addition to the facts alleged in the foregoing paragraphs and following paragraphs, the individually named Defendants herein in the following subparagraphs are all sued in their individual and official capacities; all acted under color of law, all acted in concert with one another and all acted within the scope of their

employment, to wit: under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York:

    a.   Defendant, New York City Police Officer KEVIN HANIFF, Shield #1871, was, at all relevant times, a police officer of the New York City Police Department;

    b.   Defendant, New York City Police Officer JAQUELINE HODER, Shield# 24348, was, at all relevant times, a police officer of the New York City Police Department; and

    c.   Defendants, "John Does" and "Jane Does", names being fictitious and intended to be New York City Police Officers, were, at all relevant times, New York City Police Officers.

17.    That on or about July 31, 2014 and continuing to on or about August 1, 2014 and at all times herein mentioned, Defendant, THE CITY OF NEW YORK, owned, operated, managed, controlled, maintained, employed and/or supervised the Defendants THE NEW YORK CITY POLICE DEPARTMENT, THE 71ST PRECINCT OF THE NEW YORK CITY POLICE DEPARTMENT, New York City Police Officer KEVIN HANIFF, Shield# 1871, New York City Police Officer JAQUELINE HODER, Shield#24348, and "John Does" and "Jane Does", and was responsible for the hiring, retaining, training, firing, screening, supervising, controlling, overseeing and/or disciplining its New York City Police Officers and, in particular, Defendants KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, "John Does" and "Jane Does".

18.    That on or about July 31, 2014 and continuing to on or about August 1, 2014, and at all times herein mentioned, Defendants THE NEW YORK CITY POLICE DEPARTMENT AND THE 71ST PRECINCT OF THE NEW YORK CITY POLICE DEPARTMENT, owned, operated, managed, controlled, maintained, employed and/or supervised the individual Defendants herein, to wit: New York City Police Department Officers KEVIN RANIFF, Shield #1871, JAQUELINE HODER, Shield# 24348, "John Does" and "Jane

Does" and were responsible for the hiring, retaining, training, firing, screening, supervising, controlling, overseeing and/or disciplining its New York City Police Officers and, in particular, Defendants KEVIN HANIFF, Badge/Shield# 1871,  JAQUELINE HODER, Badge/Shield #24348, "John Does" and "Jane Does".

## NOTICE OF CLAIM

19.     Plaintiff, in furtherance of his causes of action, timely filed a Notice of Claim against the City of New York in compliance with General Municipal Law Section 50.

20.     More than 30 days have elapsed since service of said Notice of Claim and the City of New York has failed to pay or adjust the Plaintiff's claim.

21.     This action has been commenced within one year and ninety days after the happening of the events upon which these claims arise.

## FACTUAL AND GENERAL ALLEGATIONS

22.     That Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs of the Complaint numbered "1" to "21" with the same force and effect as if more fully set forth herein.

23.     That on or about July 31, 2014, at 105 Winthrop Street, in the County of Kings, State of New York, while Plaintiff YEARIDIN GORDON was lawfully at the aforementioned location/premises and, continuing to on or about August 1, 2014, Defendant New York City Police Department Officers KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, and "John Does" and "Jane Does", all acting in concert with the other, all acting within the scope of their employment with Defendants THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT, and, all acting under the color of law, assaulted, battered, hit, beat, used excessive force against Plaintiff, falsely imprisoned and falsely arrested Plaintiff, denied Plaintiff due process, unlawfully seized Plaintiff's person, subjected Plaintiff to cruel and unusual punishment, caused Plaintiff to be prosecuted as a criminal Defendant and further

deprived and denied Plaintiff YEARIDIN GORDON of his rights and privileges guaranteed to him by the Constitution of the United States, the Constitution of the State of New York, federal law and state law when they, without justification, used excessive and unreasonable force against Plaintiff in that they intentionally, maliciously, recklessly, wantonly and with deliberate indifference to human life/Plaintiff's life, safety, health, physical health, physical safety and well being, forcibly restrained, detained and imprisoned Plaintiff YEARIDIN GORDON against his will while they pushed, shoved, struck, hit, beat, assaulted, battered and/or otherwise used excessive force against Plaintiff.

24.     That on or about July 31, 2014 and continuing to on or about August 1, 2014, and at all times herein mentioned, Defendants New York City Police Officers KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, and "John Does" and "Jane Does", all acting in concert with the other, all acting within the scope of their employment with Defendants and all acting under the color of law, assaulted, battered, hit, beat and/or used excessive force against Plaintiff YEARIDIN GORDON causing injuries/damages including but not limited to: a broken/fractured left thumb, fractured base of the left first metacarpal, broken/fractured/bruised/contusion of his right elbow, fractured ulnar of right elbow, rib trauma, pain/trauma to his wrists, contusion, neurovascular injury, sprain, tendon injury, right elbow joint effusion, body trauma, cast placed on/for fractured left thumb, cast/splint placed on fractured right elbow, pain, anguish, mental anguish, shock, pain and suffering, emotional distress (both intentional and negligent). Defendants New York City Police Officers KEVIN HANIFF, Shield #1871, and JAQUELINE HODER, Shield #24348, further falsely imprisoned and falsely arrested Plaintiff YEARIDIN GORDON without just/probable cause, causing Plaintiff to be labeled a criminal Defendant and to be prosecuted by the Kings County District Attorney's Office.

25.     That on or about July 31, 2014 and continuing to on or about August 1, 2014, and at all times herein mentioned, Defendants New York City Police Officers KEVIN HANIFF,

11

Shield #1871, JAQUELINE HODER, Shield #24348, and "John Does" and "Jane Does", all acting in concert with the other, all acting within the scope of their employment with Defendants THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT and all acting under the color of law, caused Plaintiff, as a further direct and proximate result of the Defendants' intentional, malicious, reckless, careless, wanton, negligent, grossly negligent and/or unlawful actions, conduct and/or omissions, to incur, and to continue to incur damages for loss of earnings, medical expenses and other related expenses and/or losses for which Plaintiff claims damages herein.

     26.     That the Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT were negligent by failing to and/or inadequately hiring, retaining, supervising, controlling, disciplining and/or training their employees/agents, specifically New York City Police Department Officers KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, and "John Does" and "Jane Does" and by further failing to prevent, intercede and/or stop the aforementioned individual Defendant officers from unlawfully using unreasonable and excessive force against Plaintiff by forcibly restraining, detaining, falsely imprisoning and falsely arresting Plaintiff against his will while they harassed, pushed, shoved, struck, hit, beat, assaulted, battered Plaintiff causing Plaintiff to sustain and suffer serious physical injuries including, but not limited to: a broken/fractured left thumb, fractured base of the left first metacarpal, broken/fractured/bruised/contusion of his right elbow, fractured ulnar of right elbow, rib trauma, pain/trauma to his wrists, contusion, neurovascular injury, sprain, tendon injury, right elbow joint effusion, body trauma, cast placed on/for fractured left thumb, cast/splint placed on fractured right elbow, pain, anguish, mental anguish, shock, pain and suffering, emotional distress (both intentional and negligent).

27. The actions of all individual Defendants were performed under color of law, in concert with one another and within the scope of their employment and authority and, for those acts, the Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT are liable under the doctrine of *respondeat superior*.

28. The actions, conduct and/or omissions by all of the individual Defendants were intentional, deliberate, malicious, negligent, with deliberate indifference to Plaintiff's lefe/safety/health/well being/physical health/physical safety, reckless, with reckless disregard for Plaintiff's life/safety/physical safety/health/physical health/well being, careless and/or wanton.

29. The actions, conduct and/or omissions by all of the Defendants violated Plaintiff's clearly established rights under the Eighth and Fourteenth Amendments of the Constitution of the United States of America, are in violation of the Constitution and the laws of the State of New York and are the direct and proximate cause of the physical injuries, psychological/emotional injuries and other related damages/losses sustained and suffered by the Plaintiff herein.

30. The actions of all of the Defendants were intentional, malicious, reckless, deliberate, with deliberate indifference, with reckless disregard, wanton and egregious, giving rise to punitive damages as against all Defendants with the exception of the municipality.

## DAMAGES

31. As a direct and proximate result of the foregoing acts, conduct and/or omissions of the Defendants, the Plaintiff suffered the following injuries and damages:

    a. Violation of his rights under the Eighth and Fourteenth Amendments of the Constitution of the United States, of Article One, Section Twelve of the New York State Constitution and of the laws of the State of New York;

13

b.     Physical injuries, pain and suffering, extreme fear, emotional and psychological injuries, trauma, mental anguish, loss of enjoyment of life, emotional distress (both intentional and negligent), loss of earnings, medical expenses;

c.     Damages pursuant to 42 U.S.C. §§1983, 1986 and 1988; and

d.     Punitive damages.

32.     The physical, emotional and/or psychological consequences suffered and sustained by Plaintiff as a direct result of the Defendants' actions, conduct and/or omissions continue to date and, upon information and belief, will continue into the future.

**CAUSES OF ACTION**

**COUNT I**

**42 U.S.C. Section 1983—UNREASONABLE AND EXCESSIVE FORCE**

33.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs of the Complaint numbered "1" to "32" with the same force and effect as if more fully set forth herein.

34.     By their actions, conduct and/or omissions, all of the Defendants named herein, acting under color of law, in the scope of their employment and in concert with one another, deprived Plaintiff of his constitutional rights to be free from excessive and unreasonable force, free from assault, free from battery, free from unlawful seizure and free from cruel and unusual punishment by intentionally, maliciously, recklessly and with deliberate indifference to human life and, in particular to Plaintiff's life/safety/health/physical safety/physical health/well being, using excessive force against, battering and/or assaulting Plaintiff, without justification, causing Plaintiff to suffer and sustain injuries/damages including, but not limited to: a broken/fractured left thumb, fractured base of the left first metacarpal, broken/fractured/bruised/contusion of his right elbow, fractured ulnar of right elbow, rib trauma, pain/trauma to his wrists, contusion, neurovascular injury, sprain, tendon injury, right elbow joint effusion, body trauma, cast placed

14

on/for fractured left thumb, cast/splint placed on fractured right elbow, pain, anguish, mental anguish, shock, pain and suffering, emotional distress (both intentional and negligent).

35.     By their actions, conduct and/or omissions, all of the Defendants named herein, acting under color of law, in the scope of their employment and in concert with the other, deprived Plaintiff of his constitutional rights to be free from excessive and unreasonable force, free from assault, free from battery, free from unlawful seizure and free from cruel and unusual punishment, free from false arrest, free from false imprisonment and free from criminal prosecution by further causing Plaintiff to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiff claims damages herein.

35.     That as a direct and proximate result of the foregoing actions, conduct and/or omissions of the Defendants herein, Plaintiff claims damages herein for the injuries set for above.

36.     That as a direct and proximate result of the foregoing actions, conduct and/or omissions of the Defendants herein, Plaintiff claims damages herein.

### COUNT II

#### 42 U.S.C. Section 1983—EIGHTH AND
#### FOURTEETH AMENDMENT VIOLATIONS

37.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs of the Complaint numbered "1" to "36" with the same force and effect as if more fully set forth herein.

38.     Defendants, acting under color of law, in the scope of their employment and in concert with each other, deprived the Plaintiff of his Eight Amendment right to be free from cruel and unusual punishment, free from excessive force, free from assault, free from battery and of his Fourteenth Amendment rights to due process and equal protection under the law.

39.     Each and every of the Defendants' racial animus was expressed by their actions, conduct and/or omissions as detailed above, individually and collectively, in intentionally,

15

maliciously, recklessly, deliberately, with deliberate indifference and with reckless disregard, using excessive force against, beating and/or assaulting Plaintiff without justification causing Plaintiff to suffer and sustain serious physical and personal injuries including, but not limited to: a broken/fractured left thumb, fractured base of the left first metacarpal, broken/fractured/bruised/contusion of his right elbow, fractured ulnar of right elbow, rib trauma, pain/trauma to his wrists, contusion, neurovascular injury, sprain, tendon injury, right elbow joint effusion, body trauma, cast placed on/for fractured left thumb, cast/splint placed on fractured right elbow, pain, anguish, mental anguish, shock, pain and suffering, false arrest/detaining/imprisonment and criminal prosecution of Plaintiff, emotional distress (both intentional and negligent), loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiff claims damages herein.

40.     That as a direct and proximate result of the Defendants' actions, conduct and/or omissions, Plaintiff claims damages for the injuries set forth above.

41.     That as a direct and proximate result of the foregoing actions, conduct and/or omissions of the Defendants herein, Plaintiff claims damages herein.

## COUNT III

### 41 U.S.C. Section 1983—CONSPIRACY

42.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs of the Complaint numbered "1" to "41" with the same force and effect as if more fully set forth herein.

43.     The individual Defendants, acting under color of law, conspired with each other to undertake a course of conduct to injure, oppress, threaten, harass, intimidate, beat, batter, use excessive force against, assault, detain, arrest, imprison, seize his person and prosecute the Plaintiff, denying him the free exercise and enjoyment of the rights and privileges and equal protection of the law secured to him by the Constitution, including the rights to be free from cruel and unusual punishment, free from unreasonable and excessive force, free from assault,

16

free from battery, free from false arrest, free from false imprisonment, free from unlawful seizure of his person, free from false prosecution.

44. The individual Defendants, acting under color of law, conspired with each other to undertake a course of conduct to intentionally, recklessly, deliberately and maliciously beat, batter and/or assault Plaintiff, without justification causing injuries/damages including, but not limited to: a broken/fractured left thumb, fractured base of the left first metacarpal, broken/fractured/bruised/contusion of his right elbow, fractured ulnar of right elbow, rib trauma, pain/trauma to his wrists, contusion, neurovascular injury, sprain, tendon injury, right elbow joint effusion, body trauma, cast placed on/for fractured left thumb, cast/splint placed on fractured right elbow of Plaintiff's arm, false arrest/detaining/imprisonment/prosecution of Plaintiff, mental anguish, shock, emotional distress (both intentional and negligent), requiring Plaintiff to undergo medical care/treatment therefore and further causing Plaintiff to incur, and to continue to incur damages for loss of earnings, medical expenses and other related expenses and/or losses for which Plaintiff claim damages herein in violation of Plaintiffs' constitutional rights including the right to due process, to be free from cruel and unusual punishment and to be free from excessive and unreasonable force/assault/battery/false arrest/false imprisonment/unlawful seizure of his person.

45. That as a direct and proximate result of the Defendants' actions, conduct and/or omissions herein, Plaintiff claims damages for the injuries set forth above.

46. That as a direct and proximate result of the Defendants' actions, conduct and/or omissions herein, Plaintiff claims damages herein.

## COUNT IV

### 42 U.S.C. Section 1983—SUPERVISORY LIABILITY

47. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs of the Complaint numbered "1" to "46" with the same force and effect as if more fully set forth herein.

48.    The Defendants had a duty to supervise, manage, control, oversee and/or police the conduct/actions of each and every other Defendant and had a responsibility to oversee the actions/conduct of each other.

49.    The Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT were, at all relevant times herein, responsible for the hiring, training, instructing, supervising, managing, controlling, overseeing and/or disciplining of each and every New York City Police Department Officer and, in particular, Defendants New York City Police Officers KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, "John Does" and "Jane Does", herein named.

50.    The Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND THE NEW YORK CITY POLICE DEPARTMENT 71ST Precinct were, at all relevant times herein, responsible for the hiring, training, instructing, supervising, managing, controlling, overseeing and/or disciplining of Defendants New York City Police Officers KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, "John Does" and "Jane Does" who intentionally, deliberately, recklessly, wantonly, with deliberate indifference and reckless disregard, maliciously battered, beat, used excessive force against and/or assaulted Plaintiff causing Plaintiff to suffer and sustain serious injuries/damages including, but not limited to: a broken/fractured left thumb, fractured base of the left first metacarpal, broken/fractured/bruised/contusion of his right elbow, fractured ulnar of right elbow, rib trauma, pain/trauma to his wrists, contusion, neurovascular injury, sprain, tendon injury, right elbow joint effusion, body trauma, cast placed on/for fractured left thumb, cast/splint placed on fractured right elbow of Plaintiff's arm, false arrest/detaining/imprisonment/prosecution of Plaintiff, mental anguish, shock, emotional distress (both intentional and negligent) and further causing Plaintiff to incur, and to continue to incur, damages for loss of earnings, medical expenses and other related expenses and/or losses

18

for which Plaintiff claims damages herein, and, otherwise violated the constitutional rights of the Plaintiff.

51. The Defendants knew, and/or in the exercise of due diligence and/or their duty, would have known that the conduct/actions/omissions of Defendants New York City Police Officers KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, and "John Does" and "Jane Does" would likely occur.

52. The Defendants failed to take preventive and/or remedial measures to guard against the unlawful, intentional and malicious use of excessive force, assault, battery, false arrest, false imprisonment and false prosecution of/against Plaintiff and to prevent the violation of the constitutional rights of the Plaintiff. Had the Defendants taken appropriate action and/or exercised their duty in a reasonable and not in a negligent manner, the violation of Plaintiff's constitutional rights would not have occurred.

53. The failure of the Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT, in failing to screen, supervise, train, manage, control, oversee and/or discipline Defendants New York City Police Officers KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, "John Does" and "Jane Does", directly and proximately caused injury to the Plaintiff.

54. By the Defendants' conduct/actions/omissions under color of law and in their supervisory position, the Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT deprived Plaintiff of his constitutional rights including the right to be free from excessive and unreasonable force, the right to be free from cruel and unusual punishment, the right to equal protection under the law and the right to due process.

55. By the Defendants' conduct/actions/omissions under color of law and in their supervisory position, the Defendants New York City Police Officers KEVIN HANIFF, Shield

#1871, JAQUELINE HODER, Shield #24348, "John Does" and "Jane Does" deprived Plaintiff of his constitutional rights including, but not limited to, the right to be free from excessive and unreasonable force, his right to be free from cruel and unusual punishment, the right to equal protection under the law and the right to due process which directly and proximately caused injury to the Plaintiff.

56.     That as a direct and proximate result of the Defendants' actions, conduct and/or omissions, Plaintiff claims damages for the injuries set forth above.

57.     That as a direct and proximate result of the Defendants' actions, conduct and/or omissions, Plaintiff claims damages herein.

## COUNT V

### 42 U.S.C. Section 1983-MONEL CLAIM

58.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs of the Complaint numbered "1" to "57" with the same force and effect as if more fully set forth herein.

59.     Prior to July 31, 2014 and continuing to on or about August 1, 2014, Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT, through their official policy-makers, developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens; the very policies and customs which caused the violation of Plaintiff's constitutional rights herein.

60.     It was the policy and/or custom of Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT to inadequately and improperly investigate the civilian complaints of police officers' misconduct including allegations of excessive force, assault, battery, false arrest, false imprisonment, false prosecution, unlawful seizure of one's person and unlawful detainment. Instead, acts of racism and harassment were tolerated by Defendants the

City of New York, the New York City Police Department and the New York City Police Department 71st Precinct. The foregoing Defendants have substantially failed to investigate and intentionally, and with deliberate indifference, failed to discipline police officers that violated the constitutional rights of citizens. Instead, the cruel and inhumane treatment of citizens/arrestees like Plaintiff in violation of the State and Federal Constitution were tolerated, encouraged, facilitated, uncorrected and/or unpunished by Defendants the City of New York and the New York City Police Department. The foregoing Defendants have substantially failed to investigate and intentionally, and with deliberate indifference, failed to discipline police officers including Defendants KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, "John Does" and "Jane Does" who violated the State and Federal Constitutional Rights of citizens/arrestees like Plaintiff herein.

61.     It was the policy and/or custom of Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT to inadequately and improperly screen and hire police officers who are known, or with reasonable diligence should be known, to possess violent and racist propensity and/or the propensity to the propensity to violate the State and Constitutional Rights of citizens/arrestees, the propensity to engage in excessive punishment/excessive force against citizens/arrestees, the propensity to ignore the medical needs of those they have injured, the propensity to subject citizens/arrestees to cruel and inhumane punishment/ excessive force, the propensity to harass, the propensity to assault, batter, use excessive force against, unlawfully seize the person of, unlawfully detain, falsely arrest, false imprison and falsely prosecute citizens while acting under color of law. The foregoing Defendants have substantially failed to screen and reject, fire, discipline and/or train/re-train such officers including Defendants KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, "John Does" and "Jane Does" herein.

21

62.     It was the policy and/or customs of the Defendants CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT to inadequately and improperly train and supervise police officers who are known, or with reasonable diligence should be known, to be actively engaged in misconduct by, among other actions/omissions, failing to investigate and punish improper/unlawful conduct of police officers including the unlawful conduct of excessive force, assault, battery, false arrest, false imprisonment, false prosecution, unlawful seizure of one's person and unlawful detainment; thereby failing to discourage constitutional violations on the part of its officers, as those visited upon Plaintiff as set forth herein.

63.     Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT have been on notice for years that racism, harassment, assault, battery, use of excessive force, false arrest, false imprisonment, false prosecution, unlawful seizure of one's person and unlawful detainment and/or violations of citizens' constitutional rights are widespread and that particular reforms need to be implemented.

64.     It was the policy and/or custom of Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT to inadequately/improperly and/or to wholly fail to screen, hire, train, supervise, manage, control, oversee and/or discipline their officers including those named herein as Defendants; thereby failing to discourage constitutional violations on the part of their officers, as those visited upon Plaintiff as set forth herein by Defendants KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, "John Does" and "Jane Does" herein.

65.     THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT, as a matter of policy and practice, have, with deliberate indifference, failed to adequately screen

22

for hiring and retention and failed to discipline, train or otherwise supervise officers concerning the rights of citizens; thereby causing the Defendant officers in this case to engage in the unlawful actions, conduct and/or omissions against Plaintiff as described herein, to wit: Defendants KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, "John Does" and "Jane Does" herein.

66.     The foregoing acts, omissions, systemic deficiencies and deliberate indifference to the danger of harm to citizens like the Plaintiff herein and the need for supplemental or different training, discipline or policies, practices and/or customs of Defendants the City of New York, the New York City Police Department and the New York City Police Department 71st Precinct caused their officers, including Defendants New York City Police Officers KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, "John Does" and "Jane Does", to believe that they can violate the rights of citizens with impunity; foreseeably allowing officers to violate the constitutional rights of citizens such as Plaintiff herein.

67.     As a direct and proximate result of the Defendants' deliberate indifference, Defendants violated Plaintiff's aforementioned constitutional rights and caused the Plaintiff to suffer substantial harm and injury including, but not limited to: a broken/fractured left thumb, fractured base of the left first metacarpal, broken/fractured/bruised/contusion of his right elbow, fractured ulnar of right elbow, rib trauma, pain/trauma to his wrists, contusion, neurovascular injury, sprain, tendon injury, right elbow joint effusion, body trauma, cast placed on/for fractured left thumb, cast/splint placed on fractured right elbow of Plaintiff's arm, false arrest/detaining/imprisonment/prosecution of Plaintiff, mental anguish, shock, emotional distress (both intentional and negligent), and further causing Plaintiff to incur, and to continue to incur, damages for loss of earnings, medical expenses, property damage and other related expenses and/or losses for which Plaintiff claim damages herein, and, otherwise violated the constitutional rights of the Plaintiff.

23

68.     That as a direct and proximate result of the Defendants' actions, conduct, omissions, failures and deliberate indifference, Plaintiff claims damages for the injuries set forth above.

69.     That as a direct and proximate result of the Defendants' actions, conduct, omissions, failures and deliberate indifference, Plaintiff claims damages herein.

## COUNT VI

### 42 U.S.C. Section 1986 ACTION FOR NEGLECT/FAILURE TO PREVENT

70.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs of the Complaint numbered "1" to "69" with the same force and effect as if more fully set forth herein.

71.     That upon information and belief, Defendants New York City Police Officers KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, and the "John Does" and "Jane Does", had knowledge and/or information that they did not have/possess the justification, authority and/or permission to unlawfully and forcibly restrain, detain, seize the person of, arrest, imprison, assault, beat, batter, strike, hit, use excessive force against Plaintiff thereby causing him to suffer and sustain injuries/damages including, but not limited to: a broken/fractured left thumb, fractured base of the left first metacarpal, broken/fractured/bruised/contusion of his right elbow, fractured ulnar of right elbow, rib trauma, pain/trauma to his wrists, contusion, neurovascular injury, sprain, tendon injury, right elbow joint effusion, body trauma, cast placed on/for fractured left thumb, cast/splint placed on fractured right elbow of Plaintiff's arm, false arrest/detaining/imprisonment/prosecution of Plaintiff, mental anguish, shock, emotional distress (both intentional and negligent) and further causing Plaintiff to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiff claims damages herein, and, otherwise violated the constitutional rights of the Plaintiff in violation of Plaintiff's constitutional rights.

24

72.     That upon information and belief, Defendants New York City Police Officers KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, "John Does" and "Jane Does" named herein, each individually and collectively, had the power and authority to prevent the others individually and/or collectively from engaging in the aforementioned actions conduct and/or omissions against the Plaintiff and each Defendant, individually and acting in concert with the other, willfully, intentionally and/or negligently neglected and refused to prevent the other from engaging in the aforementioned acts/conduct/omissions.

73.     The Defendants' willful and deliberate failure to act when they each had a duty to do so was the actual and proximate cause of the injuries and damages Plaintiff suffered and continues to suffer.

74.     That as a direct and proximate result of the Defendants' actions, conduct, omissions, failures, Plaintiff claims damages for the injuries set forth above.

75.     That as a direct and proximate result of the Defendants' actions, conduct, omissions, failures, Plaintiff claims damages herein.

**COUNT VII**

76.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs of the Complaint numbered "1" to "75" with the same force and effect as if more fully set forth herein.

77.     By their conduct under color of state law, it is believed that Defendants New York City Police Officers KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, "John Does" and "Jane Does" named herein each individually and collectively, had opportunities to intercede on behalf of Plaintiff to prevent the unreasonable and excessive force/assault/battery/false arrest/false imprisonment/unlawful detention/unlawful seizure of his person used against Plaintiff and to prevent the other violations of the constitutional rights of the Plaintiff but, due to Defendants' intentional conduct and/or deliberate indifference, Defendants declined or refused to do so.

25

78.     That as a direct and proximate result of the Defendants' actions, conduct, omissions, failures and deliberate indifference, Plaintiff claims damages for the injuries set forth above.

79.     That as a direct and proximate result of the Defendants' actions, conduct, omissions, failures and deliberate indifference, Plaintiff claims damages herein.

## PENDENT STATE CLAIMS

## COUNT VIII

### Intentional and Negligent Infliction of Emotional Distress

80.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1" to "79" with the same force and effect as if more fully set forth herein.

81.     By their conduct on or about July 31, 2014 to on or about August 1, 2014, under color of state law, Defendants named herein each individually and collectively, under color of law, conspired with each other to undertake a course of conduct to, with deliberate indifference and reckless disregard for the life, safety, health and rights of Plaintiff, unlawfully and forcibly stopped, detained, held, held against his will, falsely arrested, booked, processed, imprisoned, assaulted, hit, struck, battered, used excessive force against Plaintiff; thereby directly causing Plaintiff to suffer and sustain serious physical and personal injuries including but not limited to: a broken/fractured left thumb, fractured base of the left first metacarpal, broken/fractured/bruised/contusion of his right elbow, fractured ulnar of right elbow, rib trauma, pain/trauma to his wrists, contusion, neurovascular injury, sprain, tendon injury, right elbow joint effusion, body trauma, cast placed on/for fractured left thumb, cast/splint placed on fractured right elbow of Plaintiff's arm, false arrest/detaining/imprisonment/prosecution of Plaintiff, mental anguish, shock, emotional distress (both intentional and negligent) and further causing Plaintiff to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiff claims damages herein,

26

and, otherwise violated the constitutional rights of the Plaintiff, State and Federal, and further unlawfully violated his Constitutional rights to be free from cruel and inhumane treatment and excessive force.

82. That as a direct and proximate result of the foregoing unlawful acts, conduct and/or omissions of the Defendants herein, the Defendants, individually and collectively, and by and through their agents, servants, licensees, officers, police officers and/or employees, and in particular Defendants KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, "John Does" and "Jane Does", unlawfully violated Plaintiff's State and Federal Constitutional rights herein to due process of law, equal protection under the law and to be free from excessive force/cruel and inhumane treatment and otherwise caused the Plaintiff to be damaged/injured herein as set forth above.

83. That as a direct and proximate result of the foregoing, Defendants, acting under color of law, falsely imprisoned the Plaintiff by unlawfully stopping, detaining, holding, imprisoning and later holding Plaintiff against his will while Defendants KEVIN HANIFF, Shield # 1871, JAQUELINE HODER, Shield #24348, "John Does" and "Jane Does" hit, struck, assaulted, battered, used excessive force against and Plaintiff thereby directly and proximately causing Plaintiff to suffer and sustain serious physical and personal injuries including, but not limited to: a broken/fractured left thumb, fractured base of the left first metacarpal, broken/fractured/bruised/contusion of his right elbow, fractured ulnar of right elbow, rib trauma, pain/trauma to his wrists, contusion, neurovascular injury, sprain, tendon injury, right elbow joint effusion, body trauma, cast placed on/for fractured left thumb, cast/splint placed on fractured right elbow of Plaintiff's arm, false arrest/detaining/imprisonment/prosecution of Plaintiff, mental anguish, shock, emotional distress (both intentional and negligent) and further causing Plaintiff to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiff claims damages herein.

27

84. That as a direct and proximate result therefrom, Plaintiff was caused to suffer excessive force/cruel and inhumane treatment.

85. That on or about July 31, 2014 to on or about August 1, 2014, Defendants, acting in concert one with the other, engaged in the foregoing actions, conduct and/or omissions complained of herein and intentionally placed Plaintiff in fear of his physical safety and, as such, negligently and recklessly caused Plaintiff to suffer emotional distress.

86. That on or about July 31, 2014 to on or about August 1, 2014, Defendants, acting in concert one with the other, by engaging in the foregoing actions, conduct and/or omissions complained of herein negligently inflicted emotional distress on the Plaintiff.

87. That on or about July 31, 2014 to on or about August 1, 2014, Defendants, acting in concert one with the other, engaged in conduct that was outrageous and shocking to the human decency.

88. At all times herein mentioned, the foregoing unlawful conduct, acts and/or omissions by Defendants against Plaintiff was without justification or cause, without permission and/or authority and was committed forcibly, unlawfully and against the Plaintiff's will.

89. All of the foregoing occurred without fault and/or provocation on the part of the Plaintiff herein.

90. The Defendants engaged in extreme and outrageous conduct intentionally causing Plaintiff severe emotional distress.

91. The Defendants placed Plaintiff in fear of his physical safety and, as such, negligently and recklessly caused Plaintiff to suffer emotional distress.

92. Defendants, their officers, agents, servants, and/or employees were responsible for the intentional and/or negligent infliction of emotional distress suffered by the Plaintiff.

93. At all relevant times herein, Defendants KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, "John Does" and "Jane Does" officers named herein were employees of Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE

DEPARTMENT AND THE 71ST PRECINCT OF THE NEW YORK CITY POLICE DEPARTMENT and, as such, THE CITY OF NEW YORK AND NEW YORK CITY POLICE DEPARTMENT are liable under the doctrine of *respondeat superior* for their tortuous, intentional and/or negligent conduct, actions and/or omissions of the Defendants KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield#24348, "John Does" and "Jane Does".

94.     Defendants, their officers, agents, servants, officers, police officers and/or employees were responsible for the intentional and/or negligent infliction of emotional distress suffered by the Plaintiff herein..

95.     Defendants KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, "John Does" and "Jane Does" were at all times herein mentioned agents, servants, officers, police officers and/or employees of Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND THE 71ST PRECINCT OF THE NEW YORK CITY POLICE DEPARTMENT and, at all times herein complained of herein, were acting within the scope of their employment, in concert with one another and under the color of law in intentionally and/or negligently causing Plaintiff to suffer emotional distress.

96.     That as a direct and proximate result of the foregoing, Plaintiff claims damages for the injuries set forth above.

97.     That pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

## COUNT IX

98.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1" to "97" with the same force and effect as if more fully set forth herein.

99.     The individual Defendants, under color of law, conspired with each other to undertake a course of conduct to falsely arrest, falsely imprison, and use excessive force against,

29

assault and/or batter Plaintiff, with the intent of denying Plaintiff the equal protection of the laws of the State of New York and the United States of America.

100.     By their actions/omissions, as set forth above, Defendants committed the unlawful use of excessive and unreasonable force, cruel and unusual punishment, assault, battery, false arrest, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, outrageous conduct, negligence, gross negligence, negligent hiring, negligent retention and negligent supervision under the laws of the State of New York.

101.     At all times herein mentioned, the foregoing unlawful conduct, acts and/or omissions by Defendants against Plaintiff was without justification or cause, without permission and/or authority and was committed forcibly, unlawfully and against the Plaintiffs' will.

102.     All of the foregoing occurred without fault and/or provocation on the part of the Plaintiff herein.

103.     At all relevant times herein, Defendants New York City Police Officers KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, "John Does" and "Jane Does" officers named herein were employees of Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT and were, at all times herein mentioned, agents, servants, and/or employees acting within the scope of their employment and under the color of law with Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT in intentionally and/or negligently causing Plaintiff to suffer emotional distress. As such, THE CITY OF NEW YORK is liable under the doctrine of *respondeat superior* for their tortuous, negligent and/or intentional actions, conduct and/or omissions herein.

104.     Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT were and are responsible for the hiring, retention, supervision, management and/or control of the

foregoing individual Defendants herein and, as such, are liable pursuant to *respondeat superior* for the acts, conduct and/or omissions of the foregoing individual Defendants named herein.

105.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

106.    Plaintiff claims damages for the injuries set forth above.

### COUNT X

107.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1" to "106" with the same force and effect as if more fully set forth herein.

108.    As a result of the foregoing unlawful acts, conduct and/or omissions of the Defendants herein, the Defendants, individually and collectively, and by and through their agents, servants, licensees and/or employees, and in particular by Defendants New York City Police Officers KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, and "John Does" and "Jane Does" officers named herein, placed Plaintiff in apprehension and fear of imminent harmful and/or offensive contact and/or physical injury by including, but not limited to: a broken/fractured left thumb, fractured base of the left first metacarpal, broken/fractured/bruised/contusion of his right elbow, fractured ulnar of right elbow, rib trauma, pain/trauma to his wrists, contusion, neurovascular injury, sprain, tendon injury, right elbow joint effusion, body trauma, cast placed on/for fractured left thumb, cast/splint placed on fractured right elbow of Plaintiff's arm, false arrest/detaining/imprisonment/prosecution of Plaintiff, mental anguish, shock, emotional distress (both intentional and negligent) and further causing Plaintiff to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiff claim damages herein.

109.    As a result of the foregoing, Defendants KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, "John Does" and "Jane Does" committed assault against Plaintiff herein.

31

110.    At all times herein mentioned, the foregoing unlawful conduct, acts and/or omissions by Defendants against Plaintiff was without justification or cause, without permission and/or authority and was committed forcibly, unlawfully and against the Plaintiff's will.

111.    All of the foregoing occurred without fault and/or provocation on the part of the Plaintiff herein.

112.    At all relevant times herein, Defendants New York City Police Officers KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, "John Does" and "Jane Does" officers named herein were employees of Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT and were, at all times herein mentioned, agents, servants, and/or employees acting within the scope of their employment and under the color of law with Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT in intentionally and/or negligently causing Plaintiff to suffer emotional distress. As such, THE CITY OF NEW YORK is liable under the doctrine of *respondeat superior* for their tortuous, negligent and/or intentional actions, conduct and/or omissions herein.

113.    Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT were and are responsible for the hiring, retention, supervision, management and/or control of the foregoing individual Defendants herein and, as such, are liable pursuant to *respondeat superior* for the acts, conduct and/or omissions of the foregoing individual Defendants named herein.

114.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

115.    Plaintiff claims damages for the injuries set forth above.

32

## COUNT XI

116.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1" to "115" with the same force and effect as if more fully set forth herein.

117.    As a result of the foregoing unlawful acts, conduct and/or omissions of the Defendants herein, the Defendants, individually and collectively, and by and through their agents, servants, licensees and or employees, and in particular Defendants New York City Police Officers KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, and "John Does" and "Jane Does", unlawfully battered Plaintiff by hitting, striking, pushing, shoving, and/or beating Plaintiff, while Defendants forcibly restrained, detained, falsely arrested and/or falsely imprisoned Plaintiff YEARIDIN GORDON against his will causing injuries/damages including, but not limited to: a broken/fractured left thumb, fractured base of the left first metacarpal, broken/fractured/bruised/contusion of his right elbow, fractured ulnar of right elbow, rib trauma, pain/trauma to his wrists, contusion, neurovascular injury, sprain, tendon injury, right elbow joint effusion, body trauma, cast placed on/for fractured left thumb, cast/splint placed on fractured right elbow of Plaintiff's arm, mental anguish, shock, emotional distress (both intentional and negligent); and further causing Plaintiff to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiff claim damages herein.

118.    As a result of the foregoing, Defendants KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, "John Does" and "Jane Does" committed battery against Plaintiff herein and caused Plaintiff to suffer and sustain serious physical injury.

119.    At all times herein mentioned, the foregoing unlawful conduct, acts and/or omissions by Defendants against Plaintiff was without justification or cause, without permission and/or authority and was committed forcibly, unlawfully and against the Plaintiff's will.

33

120.     All of the foregoing occurred without fault and/or provocation on the part of the Plaintiff herein.

121.     At all relevant times herein, Defendants New York City Police Officers KEVIN HANIFF, Shield # 1871, JAQUELINE HODER, Shield #24348, "John Does" and "Jane Does" officers named herein were employees of Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT and were, at all times herein mentioned, agents, servants, and/or employees acting within the scope of their employment and under the color of law with Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT in intentionally and/or negligently causing Plaintiff to suffer emotional distress. As such, THE CITY OF NEW YORK is liable under the doctrine of *respondeat superior* for their tortuous, negligent and/or intentional actions, conduct and/or omissions herein.

122.     Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT were and are responsible for the hiring, retention, supervision, management and/or control of the foregoing individual Defendants herein and, as such, are liable pursuant to *respondeat superior* for the acts, conduct and/or omissions of the foregoing individual Defendants named herein.

123.     Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

124.     Plaintiff claims damages for the injuries set forth above.

### COUNT XII

125.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1" to "124" with the same force and effect as if more fully set forth herein.

34

126. As a result of the foregoing unlawful acts, conduct and/or omissions of the Defendants herein, the Defendants, individually and collectively, and by and through their agents, servants, licensees and/or employees, and in particular by Defendant New York City Police Officer's KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, and "John Does" and "Jane Does", unlawfully battered Plaintiff by hitting, striking, assaulting, battering, and/or beating Plaintiff, while Defendants forcibly restrained, falsely imprisoned, falsely arrested, booked, processed Plaintiff against his will including, but not limited to: charging Plaintiff with criminal charges without just/probable cause causing Plaintiff to be labeled a criminal defendant and in particular Defendants KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, and "John Does" and "Jane Does" were further intentionally malicious, reckless, deliberate and wanton by intentionally making and/or causing to be made to the New York City Police Department and Kings County District Attorney's Office, false, untrue, inaccurate, slanderous, libelous and/or defamatory statements/accusations/allegations against Plaintiff including but not limited to the false/defamatory/slanderous and/or libelous statements/allegations that Plaintiff violated an Order of Protection held by his wife, which caused Plaintiff to be arrested, booked, processed, arraigned and labeled a criminal court defendant and prosecuted by the Kings County District Attorney's Office; thereby causing Plaintiff to suffer and sustain serious physical and personal injuries including, but not limited to: a broken/fractured left thumb, fractured base of the left first metacarpal, broken/fractured/bruised/contusion of his right elbow, fractured ulnar of right elbow, rib trauma, pain/trauma to his wrists, contusion, neurovascular injury, sprain, tendon injury, right elbow joint effusion, body trauma, cast placed on/for fractured left thumb, cast/splint placed on fractured right elbow of Plaintiff's arm, mental anguish, shock, emotional distress (both intentional and negligent); and further causing Plaintiff to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiff claim damages herein.

35

127.    That Defendants, in forcibly restraining, detaining, arresting and/or imprisoning Plaintiff against his will while they assaulted, battered and/or used excessive force against Plaintiff, committed false arrest, false imprisonment and false prosecution thereby causing Plaintiff to suffer and sustain injury/damages herein.

128.    At all times herein mentioned, the foregoing unlawful conduct, acts and/or omissions by Defendants against Plaintiff was without justification or cause, without permission and/or authority and was committed forcibly, unlawfully and against the Plaintiff's will.

129.    All of the foregoing occurred without fault and/or provocation on the part of the Plaintiff herein.

130.    At all relevant times herein, Defendants New York City Police Officers KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, "John Does" and "Jane Does" officers named herein were employees of Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT and were, at all times herein mentioned, agents, servants, and/or employees acting within the scope of their employment and under the color of law with Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT in intentionally and/or negligently causing Plaintiff to suffer emotional distress. As such, THE CITY OF NEW YORK is liable under the doctrine of *respondeat superior* for their tortuous, negligent and/or intentional actions, conduct and/or omissions herein.

131.    Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT were and are responsible for the hiring, retention, supervision, management and/or control of the foregoing individual Defendants herein and, as such, are liable pursuant to *respondeat superior* for the acts, conduct and/or omissions of the foregoing individual Defendants named herein.

132.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

133.    Plaintiff claims damages for the injuries set forth above.

### COUNT XIII

134.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1" to "133" with the same force and effect as if more fully set forth herein.

135.    On or about July 31, 2014 and continuing to on or about August 1, 2014, and at all times herein mentioned, Defendants owed Plaintiff a duty to be free from unlawful assault, battery, false imprisonment, false arrest, false prosecution, unlawful detainment, unlawful seizure of his person, unlawful cruel and unusual punishment, unlawful cruel and inhumane treatment, unlawful use of excessive force, infliction of emotional distress and physical injury.

136.    That as a result of the foregoing unlawful acts, conduct and/or omissions of the Defendants herein, Defendants breached the duty they owed to Plaintiff.

137.    That Defendants' breach was a direct and proximate cause of Plaintiff's injuries including, but not limited to: a broken/fractured left thumb, fractured base of the left first metacarpal, broken/fractured/bruised/contusion of his right elbow, fractured ulnar of right elbow, rib trauma, pain/trauma to his wrists, contusion, neurovascular injury, sprain, tendon injury, right elbow joint effusion, body trauma, cast placed on/for fractured left thumb, cast/splint placed on fractured right elbow of YEARIDIN GORDON'S  arm, loss and/or restriction in range of motion to arm, mental anguish, shock, emotional distress (both intentional and negligent); further causing Plaintiff to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiff claim damages herein.

138.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

139.    Plaintiff claims damages for the injuries set forth above.

## COUNT XIV

140.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1" to "139" with the same force and effect as if more fully set forth herein.

141.    The Defendants had a duty to supervise, manage, control, oversee and/or police the conduct/actions of each and every other Defendant and had a responsibility to supervise, manage, control and/or oversee the actions/conduct of each other.

142.    The Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT were and are, at all relevant times herein, responsible for the hiring, training, retention, instructing, supervising, managing, controlling, overseeing and/or disciplining of each and every one of their officers and, in particular, Defendants New York City Police Officers KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, "John Does" and "Jane Does" herein named.

143.    The Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT were and are, at all relevant times herein, responsible for the hiring, training, retention, instructing, supervising, managing, controlling, overseeing and/or disciplining of their officers and, in particular, Defendants KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, "John Does" and "Jane Does" who intentionally and maliciously falsely imprisoned, detained, restrained, beat, battered, assaulted and/or used excessive force against Plaintiff causing him to sustain injuries/damages including, but not limited to: a broken/fractured left thumb, fractured base of the left first metacarpal, broken/fractured/bruised/contusion of his right elbow, fractured ulnar of right elbow, rib trauma, pain/trauma to his wrists, contusion, neurovascular injury, sprain, tendon injury, right elbow joint effusion, body trauma, cast placed

38

on/for fractured left thumb, cast/splint placed on fractured right elbow of YEARIDIN GORDON'S arm, loss and/or restriction in range of motion to arm, mental anguish, shock, emotional distress (both intentional and negligent); further causing Plaintiff to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiff claim damages herein.

144. The Defendants knew, and/or in the exercise of due diligence and/or their duty, would have known that the conduct/actions/omissions of Defendants New York City Police Officer's KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, "John Does" and "Jane Does" would likely occur.

145. The Defendants failed to take preventive and/or remedial measures to guard against the unlawful, intentional and/or malicious use of excessive force, false imprisonment, assault and/or battery against Plaintiff and to prevent the violation of the constitutional rights of the Plaintiff. Had the Defendants taken appropriate action and/or exercised their duty in a reasonable manner, and not in a negligent and/or intentionally malicious/unlawful; manner, the violation of Plaintiffs' constitutional rights would not have occurred.

146. The failure of the Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT, in failing to and/or improperly screening, supervising, training, managing, controlling, overseeing and/or disciplining Defendants New York City Police Officers KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, "John Does" and "Jane Does", breached the duty owed to Plaintiff and directly and proximately therefrom, caused injury to the Plaintiff.

147. By their conduct/actions/omissions under color of law and in their supervisory position, the Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT deprived Plaintiff of his Constitutional rights including the right to be free from assault,

battery, false arrest, false imprisonment, false prosecution, excessive and unreasonable force, cruel and unusual punishment, the right to equal protection under the law and the right to due process.

148.   The Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND THE NEW YORK CITY POLICE DEPARTMENT 71ST PRECINCT were, at all relevant times herein, negligent in the hiring, retention, training supervision, management and/or control of the individual Defendants named herein.

149.   That the Defendants' negligence was a direct and proximate cause of Plaintiffs' injuries and damages herein.

150.   Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

151.   Plaintiff claims damages for the injuries set forth above.

## COUNT XV

152.   Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1" to "151" with the same force and effect as if more fully set forth herein.

153.   As a result of the foregoing unlawful actions, conduct and/or omissions of the Defendants herein the Defendants, each individually and collectively, all acting in concert with the other and acting under the color of law, by and through their agents, servants, licensees and/or employees, failed to intervene and/or prevent the aforementioned unlawful conduct inflicted against Plaintiff.

154.   As a result of the foregoing, the Defendants, each individually and collectively, all acting in concert with the other and acting under the color of law, by and through their agents, servants, licensees and/or employees, displayed a deliberate indifference to human life and, in particular, to Plaintiffs' life, safety, health, physical safety, physical health, well being

40

and his right to be free from excessive and unreasonable force, cruel and unusual punishment, assault, battery, false imprisonment, false arrest and/or excessive force.

155. That the Defendants' unlawful actions, conduct and/or omissions against Plaintiff is in violation of Plaintiff's rights pursuant to Article One, Section Twelve of the New York State Constitution.

156. Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

157. Plaintiff claims damages for the injuries set forth above.

## COUNT XVI

158. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above in paragraphs of the Complaint numbered "1" to "157" with the same force and effect as if more fully set forth herein.

159. The foregoing unlawful acts/conduct/omissions by Defendants against Plaintiff, each individually and collectively, all acting in concert with the other and acting under the color of law, by and through their agents, servants, licensees and/or employees, against Plaintiff were reckless, malicious, intentional, wanton and/or were committed with deliberate and/or reckless indifference to human life and to Plaintiffs' rights, life and well being.

160. As a result of the foregoing, Plaintiff sustained injuries and damages.

161. Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

162. Plaintiff claims damages for the injuries set forth above.

163. As a result of the foregoing, Plaintiff claims punitive damages herein against the individually named Defendants herein, to wit: Defendants KEVIN HANIFF, Shield #1871, JAQUELINE HODER, Shield #24348, "John Does" and "Jane Does".

## PRAYER FOR RELIEF

164. **WHEREFORE,** Plaintiff, YEARIDIN GORDON, requests the following

relief jointly and severally as against all of the Defendants:

1. Award compensatory damages in an amount to be determined at trial;

2. Award punitive damages in an amount to be determined at trial;

3. Disbursements, costs and attorney's fees; and

4. For such other further relief to this Court may seem just and proper.

## ALL CONDITIONS PRECEDENT HAVE BEEN MET.

## PLAINTIFF DEMANDS TRIAL BY JURY

Dated: Jamaica, New York
December 8, 2015

Respectfully submitted,

JOANN SQUILLACE, ESQ.
DRUMMOND &SQUILLACE, PLLC
Attorneys for the Plaintiff
YEARIDIN GORDON
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
(718) 298-5050
jsquillace@dswinlaw.com

## ATTORNEY'S VERIFICATION

JOANN SQUILLACE, ESQ., an attorney duly admitted to practice before the Courts of the State of New York and the United States District Court, Eastern District of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at DRUMMOND & SQUILLACE, PLLC, attorneys of record for Plaintiff YEARIDIN GORDON. I have read the annexed **AMENDED COMPLAINT** and **JURY DEMAND** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the County wherein I maintain my offices.

DATED:      Jamaica, New York
            December 8, 2015

JOANN SQUILLACE, ESQ.

43

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------------------------------X
YEARIDIN GORDON,

                                          Plaintiff,

            - against -

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, THE
71ST PRECINCT OF THE NEW YORK CITY POLICE DEPARTMENT, NEW YORK
CITY POLICE OFFICER KEVIN HANIFF, SHIELD #1871, Individually and in his
official capacity as a New York City Police Officer, NEW YORK CITY POLICE
OFFICER JAQUELINE HODER, SHIELD #24348, Individually and in her official
capacity as a New York City Police Officer, "JOHN DOES" and "JANE DOES", names
being fictitious intended to be New York City Police Department Officers, Detectives,
Sergeants, Captains, Lieutenants, Supervisors and/or Officers, Employees and/or Agents of
New York City Central Booking,

                                          Defendants.

-------------------------------------------------------------------------------------------------------------X


## AMENDED COMPLAINT AND JURY DEMAND


**DRUMMOND & SQUILLACE, PLLC**
**Attorneys for Plaintiff**
*YEARIDIN GORDON*
**175-61 Hillside Avenue, Suite 205**
**Jamaica, New York 11432**
**(718) 298-5050**